Rev 7/06
CO Hab Corp
AO 241 amd.

FILED
MAR 28 2011
Page 1
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Melvin Crosby Bey/AKA Anthony Crosby Bey
NAME (Under which you were convicted)

DCDC No. 328430
PRISON NUMBER

Central Detention Facility
PLACE OF CONFINEMENT/ADDRESS
1901 D Street, S.E.
Washington, D.C. 20003

Melvin Crosby Bey/AKA Anthony Crosby Bey )
(Full Name) Petitioner )
)
)
v. )
United States Parole Commission )
And )
Simon T. Wainwright, In his official )
capacity as Warden of the Central )
(Name of Warden, Superintendent, Jailor, or )
authorized person having custody of petitioner) )
Detention Facility Respondent )

Case: 1:11-cv-00627
Assigned To : Wilkins, Robert L.
Assign. Date : 3/28/2011
Description: Habeas Corpus

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

INSTRUCTIONS - PLEASE READ CAREFULLY

1. This petition must be legibly handwritten or typed, and signed by the petitioner. Any false statement of material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or money order should be made payable to: Clerk, U.S. District

RECEIVED
MAR 14 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

4. If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5. Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

6. When you have completed the form, send the original and one copy to:
   Clerk, United States District Court for the District of Columbia
   Room 1225
   333 Constitution Avenue, NW
   Washington, DC 20001

7. <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1. (a) Name and location of court which imposed the sentence (or detention) of conviction you are challenging:
   *Superior Court of the District of Columbia*
   *500 Indianan Avenue, N.W.*
   *Washington, D.C. 20001*

2. (a) Date of the sentence (or detention): *August, 1976*

3. Length of sentence: *forty-five (45) years*

4. Nature of offense involved (all counts): *Burglary w/armed, ADW, and CPWOL*

5. (a) What was your plea? (Check one):
   ☒ Not guilty
   ☐ Guilty
   ☐ Nolo Contendere (no contest)
   ☐ Insanity

(b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: ____N/A____

_____
_____
_____
_____
_____
_____

6. Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?
   ☐ Yes
   ☑ No

7. If your answer to Question 10 was "Yes," give the following information:
   (a) (1) Name of Court: ____N/A____
       (2) Nature of the proceedings: _____
       _____
       _____

       (3) Grounds raised: _____
       _____
       _____
       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           ☐ Yes
           ☐ No
       (5) Result: _____
       (6) Date of result: _____

   (b) As to any second petition, application, or motion, give the same information:
       (1) Name of Court: ____N/A____
       (2) Nature of the proceedings: _____
       _____
       _____

       (3) Grounds raised: _____
       _____
       _____
       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           ☐ Yes
           ☐ No
       (5) Result: _____

   (6) Date of result: _____

 (c) As to any third petition, application, or motion, give the same information:
   (1) Name of Court: _____ N/A _____
   (2) Nature of the proceedings: _____
_____
_____

   (3) Grounds raised: _____
_____
_____
_____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
     ☐ Yes
     ☐ No
   (5) Result: _____
   (6) Date of result: _____

 (d) Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?
   (1) First petition, etc."
     ☐ Yes
     ☐ No
   (2) Second petition, etc.:
     ☐ Yes
     ☐ No
   (3) Third petition, etc.:
     ☐ Yes
     ☐ No

 (e) If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: _____ N/A _____
_____
_____
_____
_____

8. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

Page 5

A.  GROUND ONE:
   (a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: _Crosby Bey was convicted of a felony under the D.C. Code in 1976, and was subsequently released on parole by the District of Columbia Board of Parole ("Board"). On/about December 14, 2010, petitioner was arrested on a parole violator warrant for a law violation - simple assault. On December 21, 2010, a probable cause hearing was held by a U.S. Parole Commission ("USPC") hearing examiner at the D.C. Jail. Prior to the probable cause hearing petitioner had an interview with assigned Public Defender Service attorney, Olinda Moyd. During that interview attorney Moyd_
   <u>See Attached Pages</u>

B.  GROUND TWO:
   (a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: _____

C.  GROUND THREE:
   (a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: _____

D.  GROUND FOUR:
   (a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: _____

9.  If any of the grounds listed in 8A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: _N/A_

10. Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?
   ☐ Yes
   ☒ No

   (a) If so, give the name and location of the court and case number, if known: _____

11. Do you have any future sentence to serve after you complete the sentence (or detention) under attack?
   ☐ Yes
   ☒ No

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in future: ___n/a___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes
    ☒ No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Petitioner's Signature

March 9, 2011
Date

Ground One Continued
Page No. One

filled out a document entitled Guideline for Decisionmaking, which the USPC uses as an evaluation sheet containing a 'salient factor score.' Once Attorney Moyd performed a calculation with the evaluation sheet it was determined that as an alleged law violator, petitioner was graded under category Two with a reparole prognosis of poor (3-0) and a set-off guideline range of sixteen (16) to twenty-two (22) months pursuant to the retroactive federal regulations.

At the time of petitioner's sentence in 1976, parole decisions were made by the Board according to the guidelines it had promulgated in 1981. See Title 9 D.C.R.R. §105 et seq. (1981). Pursuant to the less onerous Board regulations petitioner would only receive a nine (9) to fifteen (15) month set-off for a misdemeanor law violation. The sixteen (16) to twenty-two (22) month guideline set-off range that was calculated at petitioner's probable cause hearing under the existing federal regulations creates a significant risk of increased/enhanced punishment, which is an unconstitutional ex post facto law.

The Board's regulations had been importantly different from the federal parole/reparole regulations, because the Board had placed significant weight on post-incarceration behavior, including rehabilitative accomplishments in making release determinations.

Ground One Continued
Page No. Two

The retroactive application of the federal reparole regulations, rather than the Board's regulations, created a significant risk of increased punishment, and is thus an unconstitutional ex post facto law. The federal regulations in their practical operation, create a significant risk of increased punishment.

Petitioner avers that the federal reparole regulations, unlike the Board's former regulations, are primarily concerned with punishment and recidivism, and do not factor evidence of post-incarceration rehabilitation into reparole determinations. It is undisputable that the retroactively applied federal parole/reparole regulations does as a practical matter creates a significant risk of prolonging petitioner's incarceration.

In essence, the retroactive application of the federal reparole regulations adversely affects both petitioner's 'eligibility' and his 'suitability' for reparole. The federal reparole regulations, unlike the Board's former regulations are primarily concerned with punishment and recidivism, and therefore, the USPC does not account for evidence of post-incarceration rehabilitation in reparole determinations.

Ground One Continued
Page No. Three

Petitioner has demonstrated that the retroactively applied federal parole or re-parole regulations or guidelines violates the Ex Post Facto Clause, because it creates a significant risk of prolonging petitioner's incarceration and increasing his punishment.

WHEREFORE, based on the foregoing reasons petitioner prays that this honorable court grant the following relief in the fair administration of justice and the cause of this case:

FORTHWITH issue an appropriate "ORDER" directing the U.S. Parole Commission to utilize the Board's Title 9 D.C.R.R. §105 et seq. (1981) parole/reparole guidelines at petitioner's present and any future parole revocation and reparole hearings held by the U.S. Parole Commission.

Petitioner further request that an appropriate Order be issued directing the U.S. Parole Commission to release petitioner from custody for violating his rights under the Ex Post Facto Clause of the U.S. Constitution.

Respectfully submitted,
_____
Melvin Crosby Bey
In propria persona